IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JOSEPH ROBERT FLOYD, )
)
    Plaintiff, )
)
v. ) CASE NO. CV422-002
)
KILOLO KIJAKAZI, in her )
capacity as Acting Commissioner )
of the Social Security )
Administration, )
)
    Defendant. )
)

**O R D E R**

Before the Court is the Magistrate Judge's February 22, 2023, Report and Recommendation (Doc. 16), to which Plaintiff Joseph Robert Floyd has objected (Doc. 18) and Defendant Kilolo Kijakazi has responded (Doc. 19). After a careful review of the record,[1] Plaintiff's objections are **OVERRULED** (Doc. 18), and the report and recommendation (Doc. 16) is **ADOPTED** as the Court's opinion in this case.

Plaintiff appealed the Acting Commissioner of Social Security's final decision denying his application for Supplemental

---

[1] The Court reviews de novo a magistrate judge's findings to which a party objects, and the Court reviews for clear error the portions of a report and recommendation to which a party does not object. 28 U.S.C. § 636(b)(1); see Merchant v. Nationwide Recovery Serv., Inc., 440 F. Supp. 3d 1369, 1371 (N.D. Ga. 2020) (outlining the standard of review for report and recommendations (citing Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam))).

Security Insurance ("SSI"), arguing the Administrative Law Judge's ("ALJ") decision was not supported by substantial evidence because it did not properly weigh an opinion from a consulting examiner. (Doc. 16 at 5 (citing Doc. 11 at 4; Doc. 15 at 2-5).) The Magistrate Judge found the ALJ's decision was supported by substantial evidence. (Id. at 9-10.)

In his objection, Plaintiff first argues the Magistrate Judge failed to "apply the correct law to the standard of review . . . ." (Doc. 18 at 3.) Although changes to the regulatory scheme mean "an ALJ should focus on the persuasiveness of medical opinions and prior administrative medical findings" based on a number of factors, Matos v. Comm'r of Soc. Sec., No. 21-11764, 2022 WL 97144, at *4 (11th Cir. Jan. 10, 2022), Plaintiff contends the ALJ was still required to "provide sufficient detail concerning the degree to which he finds a medical source's opinion persuasive so that a reviewing court may understand the ALJ's analysis." (Doc. 18 at 3 (citing Lawrence v. Kijakazi, No. 2:20-CV-67, 2022 WL 421139, at *4 (S.D. Ga. Jan. 24, 2022), report and recommendation adopted, No. 2:20-CV-67, 2022 WL 417767 (S.D. Ga. Feb. 10, 2022).) Plaintiff argues the Magistrate Judge "erred in coming up with a post-hoc explanation instead of looking to the ALJ for some indication of his reason(s) for the [weighing of the consultative examiner] Dr. Perry's medical opinion." (Id. at 4.)

An "ALJ need not use any magic words in discussing whether a medical opinion is supported by evidence from the medical source himself and whether the opinion is consistent with other evidence of record." Matthews v. Comm'r of Soc. Sec., No. 8:22-CV-679-JSS, 2022 WL 17844054, at *7 (M.D. Fla. Dec. 22, 2022) (quotation omitted). Contrary to Plaintiff's argument, this is not a case like Dempsey v. Commissioner of Social Security, where the Magistrate Judge or Defendant invented a "post hoc rationale that 'might have supported the ALJ's conclusion.' " 454 F. App'x 729, 733 (11th Cir. 2011). Neither the Magistrate Judge nor Defendant merely "provide[d] an explanation of how some aspects of the record could show [the examiner's] opinions lack consistency and supportability[.]" Lawrence, 2022 WL 421139, at *5 (emphasis added). Instead, the Magistrate Judge cited directly to the ALJ's decision in finding it to be supported by substantial evidence. (Doc. 16 at 7-10.) Here, the ALJ explicitly considered Dr. Perry's opinion, finding a portion of the opinion fairly persuasive, but "restrictions on sitting, walking and/or standing rather vague and not fully supported." (Doc. 16 at 9 (citing Doc. 10, Attach. 2 at 18).) The Magistrate Judge determined the ALJ's decision was supported by substantial evidence, not by combing through the entire transcript and creating a post hoc justification, but by citing to the ALJ's own discussion of the transcript. (Id. at 7-10). The Magistrate Judge did not "provide the ALJ's missing

3

analysis." (Doc. 18 at 4.) Rather, the Magistrate Judge highlighted how the ALJ's own analysis supported his weighing of Dr. Perry's opinion. A de novo review of the record shows that the Magistrate Judge was correct, and the ALJ's decision was supported by substantial evidence.

Therefore, Plaintiff's objections (Doc. 18) are **OVERRULED**, the report and recommendation (Doc. 16) is **ADOPTED** as the Court's opinion in this case, and the Commissioner's final decision is **AFFIRMED**. The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 31ˢᵗ day of March 2023.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA